```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**FRANK HARDMAN,**

                **Plaintiff,**

       **v.**                                **CASE NO.  12-3060-SAC**

**UNITED STATES OF**
**AMERICA, et al.,**

                **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

    This civil complaint was filed by a federal prisoner confined at the United States Penitentiary, Leavenworth, Kansas (USPL). Plaintiff seeks damages against each defendant based upon claims of improper treatment immediately following gall bladder surgery. The court assesses an initial partial filing fee, and requires plaintiff to file an Amended Complaint that cures the deficiencies found upon screening.

<u>**ASSESSMENT OF INITIAL PARTIAL FILING FEE**</u>

    Plaintiff has filed an Application to Proceed Without Prepayment of Fees (Doc. 2) and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles Mr. Hardman to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court

to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account over the applicable time period was $88.23, and the average monthly balance was $ 14.11.  The court therefore assesses an initial partial filing fee of $ 17.50, twenty percent of the average monthly deposit, rounded to the lower half dollar.  Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court.  His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**FACTUAL BACKGROUND AND CLAIMS**

Mr. Hardman names as defendants the United States "dba Bureau of Prisons" (BOP); Officer Mudlins, USPL Correctional Officer; PA Perkins, USPL; Dr. Aulepp, USPL; Dr. McCullum, USPL; Commander Blevins, USPL; unknown medical staff; unknown BOP officers; Cushing Hospital and Dr. Sorenson.

As the factual basis for this complaint, Mr. Hardman alleges as follows.  On or about September 4, 2009, he was taken from the USPL to the Cushing Hospital in Leavenworth, where Dr. Sorensen removed his gall bladder.  Immediately after the surgery, plaintiff, who was "still partially under the anesthesia," was placed in restraints and transported back to the USPL by Officer Mudlins and another unknown Officer.  He was not taken from the hospital in a wheelchair, and

the van was not pulled up to the exit.  Instead, while in a waist chain, handcuffs, and shackles, plaintiff was required to walk 200 to 300 feet to the BOP van, climb in and out of the van, and walk up the hill to the prison.  Upon entering the prison, the surgical incision burst open soaking plaintiff with blood.  Defendant Mudlins called a medical emergency, and plaintiff was taken in a wheelchair to Center Hall.  PA Perkins, Commander Blevins, and Dr. Aulepp responded to the call.  As Dr. McCullum was about to exit the prison Officer Mudlins informed him of plaintiff's severe bleeding.  Dr. McCullum responded sarcastically, "tell Mr. Hardman to stop bleeding" and left the prison.  Plaintiff was taken to the medical unit, where he was "cleaned and patched up."  He was then told to return to his unit where he was assigned the upper bunk.  The Unit Officer told him there were no bottom bunks available over the holiday weekend.  Plaintiff was forced to climb in and out of the top bunk numerous times a day for medical attention, meals, and to use the toilet.  On the third day, the incision opened again.  PA Perkins called Dr. McCullum at home and told him "he could see through the fatty tissue to the intestines."  Dr. McCullum instructed PA Perkins to butterfly the wound and send plaintiff to his cell.  The following morning, September 8, 2009, the wound opened again.  Dr. McCullum instructed that Mr. Hardman be taken to the emergency room.  At the hospital, Dr. Sorenson "dry packed the wound" as it was too long to stitch shut.  The wound took 4 months to heal.  Plaintiff also claims that "unknown medical staff" altered the surgeon's prescription for pain medication and gave him an "inferior medication" that did not resolve the pain.

Plaintiff makes the additional claim that his daily journal

"came up missing."

Based upon the foregoing allegations, plaintiff asserts that defendants were deliberately indifferent to his serious medical needs and violated his right to be free of cruel and unusual punishment under the 8th Amendment. His claims also include malpractice and negligence. He alleges that he suffered mental anguish, anxiety, and unnecessary severe pain over an extended time. In addition, he asserts that his rights under the 4th Amendment were violated "in the unknown staff member's taking" his journal. He seeks millions of dollars in damages.

Mr. Hardman alleges that he exhausted prison administrative remedies and then filed an administrative tort claim, which was denied without explanation on August 29, 2011.

**SCREENING**

Because Mr. Hardman is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Having screened the complaint, the court finds as follows.

**CAUSE OF ACTION**

Plaintiff is claiming tortious conduct on the part of federal officials and others and violation of his constitutional rights. The court has jurisdiction under 28 U.S.C. § 1331 over all civil action arising under the Constitution or laws of the United States.

4

However, plaintiff must also state a claim for relief or a "cause of action" in federal court. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1230-31 (10th Cir. 2005)("To bring suit, a plaintiff must also state a claim upon which relief may be granted, what used to be called stating a cause of action.")(citing e.g., *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 398 (1979)(distinguishing "the cause-of-action argument," which is directed at "the existence of a remedy," from jurisdictional questions). Plaintiff does not specify the authority under which he claims entitlement to relief. The court below considers the two most likely causes of action for plaintiff's claims.

### 1. Federal Tort Claims Act (FTCA)

Mr. Hardman's complaint might be read as asserting a claim for relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), § 2671 et seq.[1] He names the United States as one defendant. The United States is immune to suit for money damages except where there is a specific statutory provision waiving sovereign immunity.[2] Congress has provided a cause of action

---

[1] Plaintiff alleges that this lawsuit is the "appropriate step following" denial of his administrative tort claim. Under the FTCA, a prospective plaintiff must file an administrative claim with the appropriate federal agency before he may maintain a tort claim against the United States. 28 U.S.C. § 2675(a) specifically provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency in writing and sent by certified or registered mail. . . .

[2] A lawsuit against an agency of the United States, like the BOP, or a federal employee acting within the scope of his or her employment is, in effect, one against the United States and faces the same obstacle of sovereign immunity.

5

against the United States under the FTCA for injury caused by the negligent or wrongful act or omission of any employee of a federal agency acting in his or her official capacity.  28 U.S.C. § 2672; *United States v. Orleans*, 425 U.S. 807, 813 (1976)("The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."); see 28 U.S.C. § 1346(b).

If Mr. Hardman intended to bring this action under the FTCA, his complaint is deficient in the following ways.  First, the only proper defendant in an FTCA suit is the United States.  *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009)(citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).  Thus, if plaintiff is attempting to proceed under the FTCA only, then he fails to state a claim against every defendant named herein other than the United States.

Second, the damages sued for under the FTCA may not exceed the amount that was requested by the plaintiff in his administrative tort claim.  Plaintiff does not provide a copy of his tort claim, or summarize its contents.  In his administrative claim, he was required to have set forth a "sum certain", and does not show that he asked for millions of dollars.  Because the FTCA constitutes a waiver of the Government's sovereign immunity, the conditions established by the FTCA are strictly construed.  *See Pipkin v. United States Postal Serv.*, 951 F.2d 272, 275 (10th Cir. 1991); *Franklin Savings Corp., In re*, 385 F.3d 1279, 1287 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005).  The FTCA requirements are jurisdictional and cannot be waived.  *See Estate of Trentadue ex*

*rel. Aguilar v. U.S.*, 397 F.3d 840, 852 (10th Cir. 2005).

In order for plaintiff to proceed under the FTCA, he must file an Amended Complaint naming the United States as the only defendant and stating therein that he seeks relief under the FTCA.

### 2. **Bivens**

A claim of unconstitutional denial of medical treatment might be liberally construed as brought directly under the Eighth Amendment pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[3] The Eighth Amendment prohibits the Government from incarcerating prisoners without providing adequate medical care. *See Oxendine*, 241 F.3d at 1276. Generally, prison officials violate the Eighth Amendment when they are "deliberately indifferent" to a prisoner's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

However, the court does not construe plaintiff's complaint as one brought under Bivens for several reasons. First, Mr. Hardman makes no mention of Bivens as the basis for his Eighth Amendment claims.

Secondly, plaintiff does not limit the defendants named to those that may be properly sued under Bivens. The United States, its agencies, and its employees acting in their official capacities may not be sued in a Bivens action. The United States has not

---

[3] In *Bivens* the United States Supreme Court held that plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983. *Id.* at 395-97; *see also Carlson v. Green*, 446 U.S. 14, 18 (1980)(recognizing a parallel cause of action for Eighth Amendment violations). A Bivens claim is analogous to a claim under 42 U.S.C. § 1983 but against federal rather than state officials. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n.30 (1982).

7

waived sovereign immunity for Bivens actions. *Laury v. Greenfield*, 87 F.Supp.2d 1210, 1213 (D.Kan. 2000); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 483-86 (1994). It follows that plaintiff cannot bring suit directly against the United States, or its agency the BOP under <u>Bivens</u>. *Id.* at 484-85; *Dahn v. U.S.*, 127 F.3d 1249, 1254 (10th Cir. 1997)(The United States and its agencies have not waived sovereign immunity for Bivens-type claims.). For the same reason of immunity, a plaintiff may not sue federal officials in their official capacities for damages under *Bivens*. *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002)("[A] Bivens action may not be brought against federal agencies or agents acting in their official capacities."); *Simmat*, 413 F.3d at 1233-34 ("A plaintiff may not establish liability under Bivens against a federal official in his official capacity."); *see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004)("a Bivens claim cannot be brought against . . . defendants in their official capacities"). In *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001), the Tenth Circuit explained that "an official-capacity suit contradicts the very nature of a Bivens action" and that "[t]here is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity." An action against a federal official in his official capacity is instead construed as an action against the United States that must be brought under the FTCA. *Id.*

Plaintiff does not specify that he is suing the defendant federal employees in their individual capacities only. "[A] Bivens claim can be brought only against federal officials in their individual capacities." *Smith*, 561 F.3d at 1099. If plaintiff is

8

attempting to state a claim under Bivens, the only proper defendants are the federal employees in their individual capacities. All other defendants and any official capacity claims must be dismissed from this action.

This action is not construed as one brought under Bivens for another very significant reason. It appears from the face of the complaint that plaintiff's allegations of violations of constitutional rights, even if properly brought under Bivens against the named federal employees acting in their individual capacities only, is barred by the applicable two-year statute of limitations. *See* K.S.A. § 60-513(a)(4); *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)(applying § 60-513(a)(4) in a 1983 action). Plaintiff's physical injuries are alleged to have occurred beginning on September 4, 2009, through September 8, 2009.[4] Plaintiff's original complaint filed herein was executed on February 28, 2012, more than two years after his cause of action accrued. If plaintiff intends to proceed under Bivens, he must file an Amended Complaint naming the proper defendants, which are the individual federal employees in their official capacities only. In addition, he must show cause why his claims against these individuals should not be dismissed as time barred.

The court further finds that based upon the facts alleged, plaintiff fails to state a claim against the non-federal actors that he has named as defendants. He does not allege facts establishing

---

[4] As a general rule, a cause of action "accrues" and the statute of limitations begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for his claim. A plaintiff need not know the full extent of his injuries before his claim accrues, but merely of the existence and cause of his injury. *See United States v. Kubrick*, 444 U.S. 111, 120 (1979).

that he can sue Dr. Sorensen or the Cushing Hospital under either the FTCA or Bivens. Neither of these private defendants is shown to have been an employee of a federal agency.[5] Instead, these two defendants appear to have acted as independent contractors.

Furthermore, plaintiff does not describe acts or inactions on the part of Dr. Sorensen or Cushing Hospital that violated his federal constitutional rights. He complains that they did not insist that he stay at the hospital following surgery. However, he alleges no facts and cites no legal authority indicating that Dr. Sorensen or the hospital had the power to insist that an inmate in the legal custody of the BOP remain at the hospital.

Finally, the court notes that allegations of medical malpractice or negligence do not rise to the level of constitutional violations. Such state tort claims are not grounds for relief under Bivens, if that is the gist of plaintiff's claims against these two non-federal actors. In addition, any claims against these two individual defendants are subject to the same time-bar obstacle as claims against federal officials brought under Bivens. Unless plaintiff shows a proper jurisdictional basis for suing Dr. Sorensen and Cushing Hospital in federal court in his Amended Complaint and that such claims are not time-barred, this action will be dismissed

---

[5] Physicians in private practice that "provide medical services to facilities operated by the federal government are independent contractors, and not employees of the government for FTCA purposes." *Jones v. U.S.*, 305 F.Supp.2d 1200, 1207 (D.Kan. 2004)(citing *Robb v. U.S.*, 80 F.3d 884, 890 (4th Cir. 1996)(citing *Carrillo v. U.S.*, 5 F.3d 1302 (9th Cir. 1993); *Broussard v. U.S.*, 989 F.2d 171 (5th Cir. 1993); *Leone v. U.S.*, 910 F.2d 46 (2d Cir. 1990); *Lilly v. Fieldstone*, 876 F.2d 857 (10th Cir. 1989); *Lurch v. U.S.*, 719 F.2d 333 (10th Cir. 1983); *Bernie v. U.S.*, 712 F.2d 1271 (8th Cir. 1983)). The United States cannot be held liable for the acts of independent contractors. *Id.* (citing see *Lurch*, 719 F.2d at 333.).

10

as against these two non-federal defendants.[6]

**LOSS OF PROPERTY CLAIM**

Plaintiff does not allege sufficient facts to show that any named defendant deprived him of his journal. Nor does he allege facts showing that the deprivation of this property amounted to a violation under the Fourth Amendment. If he is attempting to bring this claim under Bivens, he must additionally show cause why it should not be dismissed as time barred.

It also appears that this loss of property is not an appropriate claim under the FTCA. 28 U.S.C. § 2680(c) provides that the FTCA does not apply to a "claim arising in respect of . . . the detention of any goods, merchandise, or other property by any . . . law enforcement officer." Prison officials are considered to be law enforcement officers under this provision. *See Hatten*, 275 F.3d at 1208. The Government has not waived its sovereign immunity with regard to property claims. Accordingly, this court lacks subject matter jurisdiction to consider plaintiff's claim of a lost journal. *See Steele*, 355 F.3d at 1213-14.

---

[6] As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. *Jones*, 305 F.Supp.2d at 1207 (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)(citations omitted)). Because federal courts are courts of limited jurisdiction, the presumption is against federal jurisdiction. *Id.* A federal court lacking subject matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent." *Id.* If plaintiff intends to pursue a state law medical malpractice or negligence claim against any defendant, this court lacks subject matter jurisdiction unless diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. *Id.* at 1208. 28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and the dispute is between citizens of different states. "This statute and its predecessors have consistently been held to require complete diversity of citizenship." *Id.* (citing *Owen Equip., and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). "That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Id.* Plaintiff does not assert diversity jurisdiction. Nor does he allege facts showing complete diversity among the parties.

11

**AMENDED COMPLAINT REQUIRED**

Mr. Hardman is given time to file an Amended Complaint. Local court rules require that a civil complaint be submitted upon court-approved forms. D.Kan. Rule 9.1(a). He may submit his Amended Complaint upon forms provided by the court that will be sent to him with a copy of this order.[7] If he fails to comply with the court's order to submit an Amended Complaint that cures the deficiencies pointed out herein within the time allotted, this action may be dismissed without further notice.

Plaintiff is forewarned that an Amended Complaint completely supercedes the original complaint, and the original complaint is no longer before the court for consideration. For that reason, he must state all claims and allegations he intends to present to this court in his Amended Complaint.

**MOTION FOR SERVICE BY U.S. MARSHAL SERVICE (USMS)**

The court has considered plaintiff's "Motion Requesting Service by Marshal's Service." As a matter of course, the court will order service upon defendants by the USMS in an action in which a prison inmate has been granted leave to proceed without prepayment of fees. However, the court orders such service only after the screening process is successfully completed. Here, plaintiff must first submit the assessed initial partial filing fee and his Amended Complaint. After his Amended Complaint is filed, the court will

---

[7] If plaintiff decides to proceed under the FTCA only, he has the court's permission to still use the § 1331 forms being sent to him. The court does not have forms specifically created for FTCA actions. He may use the § 1331 forms by naming the United States as the only defendant, and clearly stating on the forms that he is proceeding under the FTCA.

12

screen the new complaint to determine whether summons or waiver of summons forms should be issued to the defendant or defendants. Accordingly, this motion is denied, without prejudice.

Moreover, plaintiff's request that the USMS be required to locate the defendants is denied at this time. If this action proceeds as an FTCA complaint against the United States only, the USMS will have no difficulty locating the defendant for service. In the event that plaintiff names individual defendants and shows that he may properly proceed against them in this action, it is his responsibility to also provide adequate identifying information so that service may be effectuated upon each defendant. As pro se plaintiffs are informed in the instructions provided with form complaints:

> Your complaint should list the complete name and address of each person named as a defendant. Without this information, the Clerk cannot prepare summons or waivers for issuance by the Marshal. See Rule 4(j) of the Federal Rules of Civil Procedure.

If a plaintiff provides the name and current or recent place of employment of a federal prison employee, the USMS is usually able to effectuate service. However, if any defendant cannot be located with that information, it is plaintiff's responsibility to provide sufficient additional information for service.

Plaintiff has not provided any information from which the unknown defendants in the caption may be identified for service of process. Nor has he described particular acts in the complaint that he alleges were taken by each unknown defendant. Unless plaintiff provides adequate identifying information and fact allegations regarding his unknown defendants in his Amended Complaint, the clerk will not be directed to prepare papers for service upon them. Mr.

13

Hardman is required to provide adequate information regarding all defendants named in his Amended Complaint so that they may be served within the 120-day time limit set forth in Fed.R.Civ.P. Rule 4(m).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 17.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff must submit an Amended Complaint[8] upon court-provided forms in which he cures the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion Requesting Service by Marshal's Service (Doc. 3) is denied without prejudice.

The clerk is directed to send plaintiff § 1331 forms with a copy of this Order.

**IT IS SO ORDERED.**

Dated this 1st day of June, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[8] Plaintiff must write the number of this case, 12-3060, in the caption on his Amended Complaint.