IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FRANK HARDMAN,**
                **Plaintiff,**

       **v.**                               CASE NO.  12-3060-SAC

**UNITED STATES OF
AMERICA, et al.,**

                **Defendants.**

<u>MEMORANDUM AND ORDER</u>

    In this pro se civil action a federal prisoner seeks damages from several defendants based upon claims of improper treatment immediately following gall bladder surgery.  On June 1, 2012, the court assessed an initial partial filing fee, which plaintiff has paid.  Plaintiff is therefore granted leave to proceed without prepayment of the full fee and is allowed to pay the remainder of the fee over time through payments automatically deducted from his inmate account.

    In its prior Order, the court also screened the complaint, set forth several deficiencies, and required plaintiff to file an Amended Complaint that cured those deficiencies.  The matter is now before the court for screening of plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A(a),(b) and 28 U.S.C. § 1915(e)(2)(B).  The Amended Complaint is construed as asserting a claim under the FTCA against the United States only, and a Bivens claim against all federal agents named as defendants in

1

their individual capacities.  The court finds that plaintiff has failed to cure significant deficiencies with the filing of his Amended Complaint and this action must be dismissed as a result.

**DISCUSSION**

First and foremost, Mr. Hardman makes no attempt to address the court's finding from the face of the original complaint that his allegations of constitutional violations appear to be barred by the applicable two-year statute of limitations.  As the court found in its screening order, plaintiff's physical injuries are alleged to have occurred on September 4 through September 8 of 2009.  His claims thus accrued on or before September 8, 2009. Plaintiff's original complaint filed herein was executed on February 28, 2012, more than two years after his cause of action accrued.  Plaintiff has alleged no additional facts to suggest otherwise.  He was ordered to show cause in his Amended Complaint why his claims should not be dismissed as time barred, and he has failed to do so.

Claims against the United States under the FTCA are subject to the same time-bar obstacle as claims against individual federal officials brought under Bivens.  "A two-year statute of limitations applies to FTCA claims."  *Hoery v. United States*, 324 F.3d 1220, 1221 (10th Cir. 2003)(citing 28 U.S.C. § 2401(b)).  The Tenth Circuit has held:

2

> "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . ." 28 U.S.C. § 2401(b). The application of § 2401(b) requires a two-step analysis. First, (the court) must determine when the claim accrues. Then, (it) must determine whether the statute of limitations should be tolled. See Zeidler v. United States, 601 F.2d 527, 528-31 (10th Cir. 1979).

*Trobaugh v. U.S.*, 35 Fed.Appx. 812, 815 (10th Cir.)(unpublished),[1] *cert. dismissed*, 537 U.S. 1042 (2002). In his Amended Complaint, Mr. Hardman merely repeats allegations that he exhausted prison administrative remedies and then filed an administrative tort claim that was denied on August 29, 2011. He still has not produced a copy of his administrative claim and does not reveal the date on which it was filed. Thus, Mr. Hardman has not alleged or shown that his administrative claim was filed before the statute of limitations expired. In addition, he provides no additional facts showing that he is entitled to equitable tolling of the limitations period. Consequently, the court finds that Mr. Hardman has failed to show that his claims under Bivens and the FTCA should not be dismissed as time-barred.

The court notes other deficiencies that Mr. Hardman has failed to cure in his Amended Complaint. Even though he was

---

[1]   Unpublished opinions are not cited herein as binding precedent, but for persuasive reasoning. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

directed to provide sufficient information for service upon each defendant, he again lists defendants whose names and addresses are not provided and again fails to allege sufficient facts regarding each unknown defendant to allow identification. He was warned that unless he provided "adequate identifying information and fact allegations regarding his unknown defendants in his Amended Complaint, the clerk will not be directed to prepare papers for service upon them." He was also warned that he was "required to provide adequate information regarding all defendants named in his Amended Complaint so that they may be served within the 120-day time limit set forth in Fed.R.Civ.P. Rule 4(m)," but he has not complied with Rule 4(m) with regard to all the unnamed defendants. Moreover, Mr. Hardman does not name all defendants in the caption of his Amended Complaint, as required by Rule 10 of the Federal Rules of Civil Procedure. He names only the United States in the caption. Elsewhere in his complaint, he lists the following defendants: the United States "doa (sic) BOP"; Officer Mudlins, former USPL employee; unnamed USPL Correctional Officer; unnamed "various" Physicians Assistants employed at the USPL; Dr. Aulepp, USPL; Dr. McCullum, USPL; Commander Blevins, USPL. In addition, Mr. Hardman has not described particular unconstitutional acts that were taken by each unnamed defendant showing their personal participation that might also aid in

their identification. Furthermore, he has alleged no facts to cure the deficiencies in his original complaint regarding the Cushing hospital and its physicians. This action is dismissed, without prejudice, as against all unnamed defendants and Cushing Hospital.[2]

The court previously found that plaintiff's allegations in his original complaint failed to state a claim under Bivens for several reasons. Plaintiff was specifically advised that allegations of negligence or malpractice are not sufficient to state a constitutional Bivens claim. Nevertheless, in his Amended Complaint, Mr. Hardman reasserts a violation of the Eighth Amendment based on a claim of deliberate indifference to his serious medical needs and simply alleges the same facts in support. Plaintiff's repetitions of the phrase "deliberate indifference" in his Amended Complaint are nothing more than labels. Moreover, his factual allegations, taken as true, show that he was provided rather than denied medical treatment. A mere delay in treatment is not sufficient to state a constitutional claim. Thus, even if plaintiff could prove at trial that he should have remained at the hospital for a longer time after surgery, his claim would be one of negligence on the part of the individual(s) who made the decision to return him to

---

[2] Plaintiff lists "28 U.S.C. § 1367(a) Supplemental Jurisdiction" in the jurisdiction portion of his complaint. However, since he fails to show that this court has jurisdiction under either the FTCA or Bivens, his state court claims are not reviewable in federal court.

5

prison right after surgery. He does not allege any facts indicating that the person who caused him to be returned to the prison was acting either contrary to a physician's orders or with a sufficiently culpable state of mind. He provides no evidence that outpatient gallbladder surgery is uncommon or was inappropriate in his particular case. Thus, plaintiff still fails to allege facts that amount to more than a claim of negligence or malpractice.

The same is true with regard to plaintiff's allegations that immediately after surgery individuals required him to walk over 200 feet in the parking lot and uphill into the prison in shackles and chains and would not reassign him to a bottom bunk, causing his incision to "burst open." Plaintiff does not provide a physician's order that restricted his walking, shackling, or assignment to a top bunk. Nor does he allege additional facts to show that the person or persons who actually caused these circumstances acted with a sufficiently culpable state of mind. His own allegations indicate that he was provided emergency medical treatment when his incision reopened as well as post-operative care at the prison and that after 3 or 4 days he was taken back to the hospital emergency room where he was also provided treatment. His allegations that he was negligently transported and inadequately treated are not sufficient to show a plausible claim of deliberate indifference.

In his Amended Complaint, Mr. Hardman now expressly asserts a claim to relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), § 2671 *et seq*. However, since he cannot sue a federal agency, federal agents, or private entities or persons under the FTCA, it follows that he states no claim under the FTCA against any defendant other than the United States. Mr. Hardman's allegations of constitutional violations are not actionable under the FTCA. *Rogers v. Fed. Bureau of Prisons*, 105 Fed.Appx. 980, 984 (10th Cir. 2004)(unpublished)(citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477-78 (1994)). Plaintiff's claim against the United States under the FTCA based upon allegations of negligence by USPL employees might have been sufficient to survive screening but for the fact that he has not shown that both his administrative claim and this action were timely filed.

Mr. Hardman adds the assertion in his Amended Complaint that his right under the Fifteenth Amendment to equal protection was violated by defendants' failure to provide him with proper medical care. However, this claim is not supported by any factual allegations. He provides no evidence that other similarly-situated individuals have been treated differently than he. In sum, plaintiff's new claim of denial of equal protection is "too conclusory to permit a proper legal analysis." *See Straley v. Utah Board of Pardons*, 582 F.3d 1208,

1215 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1737 (2010).

In his Amended Complaint, plaintiff now seeks in addition to damages "to have the institution reprimanded for failure to provide" adequate care. The "institution" is a prison facility, not a person and as such is not a proper defendant. Nor may the "institution" be held liable based upon a respondeat superior theory. Accordingly, plaintiff's claim for reprimand is dismissed.

Plaintiff was generally warned that if he failed to comply with the court's order to cure the deficiencies in his original complaint, this action could be dismissed without further notice. He was also specifically warned that he must show why this action should not be dismissed as time-barred. The court concludes that Mr. Hardman has failed to cure deficiencies in his complaint and that this action must be dismissed as a result.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Extension of Time to pay initial partial filing fee (Doc. 5) is dismissed as moot because he paid the partial fee.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is granted, and plaintiff is hereby assessed the remainder of the full filing fee herein to be paid from payments automatically deducted from his inmate account. The Finance Office of the Facility where plaintiff is

8

currently incarcerated is directed to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that this action is dismissed as time-barred and for failure to state facts to support a federal constitutional claim.

The clerk is directed to send a copy of this order to the finance officer at the facility where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge