IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK HARDMAN,

    Plaintiff,

v.                                      Case No. 5:12-cv-03060-JTM

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Frank Hardman filed this action asserting, among other things, a claim for negligence against the United States pursuant to the Federal Tort Claims Act. The claim is based on allegedly inadequate medical treatment plaintiff received following gall bladder surgery while in Bureau of Prisons' custody.[1]

This matter is now before the court on the United States' motion to dismiss or, alternatively, for summary judgment. (Dkt. 21). Plaintiff has not responded to the motion and the time for doing so has now expired. *See* D. Kan. R. 6(d)(2).

The record indicates that plaintiff was released from BOP custody on November 30, 2015. Dkt. 19. The United States' motion to dismiss was filed after that date, and the record shows the United States attempted to serve it by mailing copies of the motion to a halfway house in Kansas City, Kansas, and to a residence in Council Bluffs, Iowa.[2]

---

[1] Plaintiff asserted other claims as well, but they were previously dismissed by the court. *See* Dkts. 7, 11, 13.
[2] The United States asserts that this residence was plaintiff's last known address according to files maintained by the BOP. Dkt. 22 at 3, n.2.

Additionally, the clerk of the court mailed a copy to the last address that plaintiff provided to the court – i.e., to the U.S. Penitentiary at Leavenworth. *See* Dkts. 21, 22.

Plaintiff has failed to provide the clerk with notice of any address other than his Leavenworth address. The rules of this court provide that each attorney or pro se party must notify the clerk of any change in address, and that "[a]ny notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. R. 5.1(c)(3). The court concludes that plaintiff was provided sufficient notice of the motion and that he has failed to file a timely response.

Pursuant to D. Kan. R. 7.4(b), "[i]f a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." The court concludes that defendant's motion is uncontested.

Consistent with *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003), the court has reviewed the facts asserted in defendant's brief and finds that the United States has met its burden of showing that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. The uncontroverted materials cited by the United States show that plaintiff did not file his judicial complaint within the six-month period contemplated by 28 U.S.C. § 2401(b), and that he has failed to establish that the Prison Mailbox rule applies. Additionally, the record shows that plaintiff failed to exhaust some of the claims he now seeks to assert, and has failed to state a valid claim for relief or show a genuine issue concerning the medical care provided.

**IT IS THEREFORE ORDERED** this 16th day of February, 2016, that the United States' Motion to Dismiss or for Summary Judgment (Dkt. 21) is GRANTED. The action is hereby dismissed and the clerk is directed to enter judgment accordingly.

                                                  ___s/ J. Thomas Marten_____
                                                  J. THOMAS MARTEN, JUDGE